### City of Louisville v. Monroe.

(Decided March 9, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1.  Municipal Corporations — Streets — Establishment—Evidence.—In an action for damages against a city for personal injuries caused by plaintiff falling into a well maintained by the city, held under

the evidence that the street on which the accident occurred had
been dedicated, used and established as a public street.

2. Negligence—Act of God—Ordinary Care—Question for Jury.—
Where a pump maintained in a public street by a city is washed
away by a flood, and three and one-half days after the flood has
receded, plaintiff is injured by falling into the well from which
the pump has been removed, the question whether or not the city
could, by the exercise of ordinary care, have discovered and
remedied the defect in time to prevent the injury, is for the jury.

3. Negligence—Personal Injuries—Contributory Negligence—Question
for Jury.—Where plaintiff was injured by falling into a well main-
tained by the city in a public street, the pump and covering having
been washed away from the well by a flood, and it appeared that
plaintiff lived nearby and knew that the pump had been removed,
and the accident happened at night at a point where there were
no lights, the question of plaintiff's contributory negligence was
for the jury.

J. W. S. CLEMENTS and PENDLETON BECKLEY for appellant.

R. L. PAGE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

In this action for damages for personal injuries
against the city of Louisville, plaintiff, George N. Mon-
roe, recovered a verdict and judgment for the sum of
$500. The city appeals.

The facts are these:

Shippingport is a suburb lying in the northwestern
part of the city of Louisville next to the Ohio River. It
has about 200 inhabitants. It contains only five streets,
each of which is about four or five blocks in length. In
the month of March, 1913, Shippingport was visited by
an unprecedented flood, caused by a rise in the Ohio
River. For quite a while Shippingport was practically
covered by the water. Early in April the water began to
recede. According to a number of witnesses all the water
had passed away by April 7th. In a sidewalk at the cor-
ner of McHarry and Hemp Streets, in Shippingport, the
city of Louisville maintained a public pump, which was
used to draw water from a well. Surrounding the pump
was a covering for the well. The pump and a portion
of the covering were washed away during the flood. On
the night of April 11th, and about three and a half days
after the water had passed away, plaintiff, while return-

ing from a grocery, fell into the well and was severely injured.

That the street was dedicated to the public use there can be no doubt. A number of witnesses testify that McHarry and Hemp Streets had been used as public thoroughfares for many years. The records from the Jefferson county clerk's office show that as far back as 1807 Hemp Street was a public thoroughfare. The pump in question was maintained by the city. The city had also located a signpost at the corner where the pump was located. Hemp Street was also policed by the city. On this evidence the court very properly held that the street had been dedicated, used and established as a public street.

There is no merit in the contention that the city is released from liability because the pump and covering over the well were removed by an act of God. That they were so removed may be conceded; but this fact did not release the city from its obligation to remedy the defect if it could have done so in the exercise of ordinary care, in time to prevent the injury. The waters had practically subsided three and a half days before the accident. In view of the prevailing conditions, it was not unreasonable to anticipate that the water would render the condition of the streets somewhat dangerous. The absence of the pump and the covering from the well was a condition that could have been detected by a reasonable inspection. In view of the time that elapsed after the water subsided and of the exposed condition of the well, it was for the jury to say whether or not the city could, by the exercise of ordinary care, have discovered and remedied the condition in time to prevent the injury.

Lastly, it is contended that plaintiff was guilty of contributory negligence as a matter of law. This position is predicated on the fact that the plaintiff lived near by and knew that the waters had subsided and the pump had been washed away. Knowing that the pump had been washed away, he knew that a hole had been left. Though not claiming to have been in a hurry or to have forgotten that the pump had been washed away, he walked over this particular spot and fell in. On the other hand, plaintiff testifies that, though he knew there was no pump there, he did not know that the covering had been removed. The accident happened in the night time.

There were no lights around. He could not see that the top of the well was uncovered. The question whether or not plaintiff, under these circumstances, exercised ordinary care for his own safety, being one about which ordinarily prudent men might reasonably differ, was properly submitted to the jury.

Judgment affirmed.